CHARLES BLAIR & another, Appellants.

By the Rev. Sts. *c.* 65, §§ 11, 14, the sale, by an administrator, of real estate mortgaged to his intestate, and of the debt secured by the mortgage, is required to be by license of the probate court, obtained in the manner required, by Rev. Sts. *c.* 71, although neither the intestate nor the administrator has taken possession of the estate.

SHAW, C. J. This was a petition to the judge of probate, by the administrators of the estate of Cyrus Stockwell, for leave to sell a note and mortgage of real estate, payable to their intestate, and not yet due ; no possession having been taken of the mortgaged estate, by the intestate or by the petitioners. The petition states that the note and mortgage were given to the intestate on the 1st of October 1844 ; that the note was for the sum of $3550, payable in six years from date, with interest semiannually ; that the condition of the mortgage wast that the mortgagor should pay said note, and the interest

thereon, according to its tenor; should keep the mortgaged premises insured and in repair; and pay the interest on prior mortgages thereon, amounting to about $12,000; that the estate of said Stockwell, their intestate, had been duly represented by them to be insolvent; that commissioners of insolvency had been duly appointed; that the available assets in the petitioners' hands amount to about $2000, and the debts against the estate to about $5000; that the charges of administration will probably amount to $500; and that said estate would be prejudiced by waiting for the payment of said note and mortgage, at the maturity of the note in October 1850.

The judge of probate declined to grant the prayer of the petition, on the ground that it was not necessary to grant it in order to enable the administrators to sell and assign the said note and mortgage. And he passed a decree dismissing the petition. From that decree they have appealed to this court.

On referring to the Rev. Sts. c. 65, §§ 11, 14, we are of opinion that the court of probate has authority to grant a license in such cases, and that the petition presents a fit case for the exercise of it. Section 11 declares, that "when any mortgagee of real estate, or any assignee of such mortgagee, shall die, without having foreclosed the right of redemption, the mortgaged premises, and the debt secured thereby, shall be considered as personal assets in the hands of his executor or administrator, and shall be administered and accounted for as such," and directs the mode in which they shall take possession. Section 14 provides, that "any real estate, so held by an executor or administrator in mortgage, may be sold, (subject to the right of redemption, if not foreclosed,) for the payment of debts or legacies, and the charges of administration;" "such sale to be made by the executor or administrator, upon obtaining a license therefor, in the manner provided in the seventy first chapter," which gives power to the court of probate. We are of opinion that the present case is within the provisions of these sections.

It may be probable that the legislature, by the terms of § 14, "real estate so held by an executor or administrator,

had more immediate reference to mortgaged estate on which the executor or administrator had entered *in pais*, or by a judgment. But the terms are broad enough to cover all estate mortgaged to the testator. The right to enter, and the right to maintain a real action, given by § 11, imply that the executor or administrator has a qualified seizin, and holds the estate. And the reason of the provision for a license to sell applies as strongly to estate of which the administrator has not obtained possession, as to that on which he has entered.

The decree of the judge of probate is reversed. And it appearing to us that a license is necessary, by law, to enable the administrator to sell the said mortgaged estate, and the note secured thereby, the case is to be remanded to the probate court, for further proceedings on said petition.

*J. C. B. Davis*, for the petitioners.